UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM M. HILL,

        Petitioner,

                                                CASE NO. 13-13796
v.                                        HONORABLE JOHN CORBETT O'MEARA

BONITA J. HOFFNER,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Dkt. #7),
DENYING PETITIONER'S MOTION FOR CONTEMPT PROCEEDINGS (Dkt. #11),
AND DISMISSING THE HABEAS CORPUS PETITION (Dkt. #1)**

This matter is pending before the Court on petitioner William M. Hill's habeas corpus petition under 28 U.S.C. § 2241 and respondent Bonita J. Hoffner's motion for summary judgment and dismissal of the habeas petition. Petitioner is challenging his 1978 convictions and sentence for second-degree murder and possession of a firearm during the commission of a felony (felony firearm). Respondent urges the Court to dismiss the habeas petition on the basis that Petitioner's claims are barred from substantive review by the one-year statute of limitations. The Court agrees that Petitioner's claims are time-barred. Accordingly, Respondent's motion will be granted, and the habeas petition will be dismissed.

**I. Background**

**A. The Charges, Plea, Sentence, and Direct Appeal**

Petitioner was charged in Wayne County, Michigan with first-degree murder, armed robbery, assault with intent to murder, and felony firearm. On March 13, 1978,

he pleaded guilty in the former Detroit Recorder's Court to second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. In return, the prosecutor dismissed the other charges and agreed not to file a supplemental information charging Petitioner with being a habitual offender. Additionally, the parties and the trial court agreed that the sentence would be two years for the felony firearm conviction and life imprisonment with the possibility of parole for the murder conviction. Petitioner was twenty-eight years old at the time. On March 22, 1978, the trial court sentenced Petitioner pursuant to the plea agreement to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment with the possibility of parole for the murder conviction.

Petitioner appealed to the Michigan Court of Appeals through counsel. After his attorney filed an *Anders*[1] brief asserting that there were no meritorious issues to support an appeal, the Michigan Court of Appeals affirmed Petitioner's conviction, but stayed the final judgment so that Petitioner could file a *pro se* application for rehearing. Petitioner then filed a *pro se* application for leave to appeal in which he argued that (1) he was arrested without a warrant or probable cause, (2) his trial attorney was ineffective, and (3) his guilty plea was involuntary. On March 16, 1981, the Michigan Court of Appeals denied Petitioner's application "for lack of merit in the grounds presented." *See People v. Hill*, No. 52536 (Mich. Ct. App. Mar. 16, 1981). Petitioner alleges that the Michigan Supreme Court denied leave to appeal on April 14, 1982.

### B. The Prior Habeas Petitions

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967).

In subsequent years, Petitioner filed a number of unsuccessful motions and applications for leave to appeal in state court. These applications are not relevant to the Court's analysis because they occurred before the statute of limitations began to run.

Petitioner also filed several applications for the writ of habeas corpus. The first habeas petition was filed in 1982 and ultimately dismissed on January 31, 1986, for failure to exhaust state remedies. *See Hill v. Foltz*, No. 82-72547 (E.D. Mich. Jan. 31, 1986).[2]

On December 9, 1987, Petitioner filed his second habeas petition, alleging that (1) his plea was involuntary, (2) there was an insufficient factual basis for his plea, and (3) the trial court erred at sentencing. Former United States District Judge Barbara K. Hackett dismissed the petition on the merits. *See Hill v. Redman*, No. 87-74393 (E.D. Mich. Mar. 18, 1988).[3]

On January 2, 1990, Petitioner filed a third petition for the writ of habeas corpus. Former Chief Judge Douglas W. Hillman of the Western District of Michigan summarily dismissed the petition. *See Hill v. Michigan Parole Board*, No. 4:90-cv-00001 (W.D. Mich. Feb. 28, 1990).

On March 2, 1990, Petitioner filed a fourth petition in which he raised the same issues as those presented in the second petition. He also raised three new claims,

---

[2]  Because the file for this case is no longer available, the Court is relying on United States Magistrate Judge Paul J. Komives' report and recommendation (Dkt. #40, p. 2) in *Hill v. Straub*, No. 95-72723 (E. D. Mich. Jan. 31, 1997).

[3]  As the records for the 1987 case also are unavailable, the Court is relying on Magistrate Judge Komives' report and recommendation (Dkt. #40) in *Hill v. Straub*, No. 95-72723 (E.D. Mich. Jan. 31, 1997).

which alleged ineffective assistance of counsel, denial of the right to appeal, and improper identification procedures. Judge Hackett dismissed the fourth petition on the basis that Petitioner had abused the writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Hill v. Johnson*, No. 90-70607 (E.D. Mich. Oct. 29, 1991); *see also* Magistrate Judge Komives' report and recommendation (Dkt. #40, p.2) in *Hill v. Straub*, No. 95-72723 (E.D. Mich. Jan. 31, 1997).

On July 17, 1995, Petitioner filed his fifth habeas corpus petition. He alleged that the denial of his previous petition resulted in a miscarriage of justice and that his guilty plea was involuntary due to ineffective assistance of counsel. On April 11, 1996, before the fifth petition was resolved, Petitioner filed his sixth habeas corpus petition, which alleged that the parole board deprived him of due process when it declined to release him on parole in 1991.

On November 22, 1996, this Court dismissed the sixth petition on the basis that Petitioner's argument lacked merit. *See Hill v. McGinnis, et al.,* No. 96-70931 (E.D. Mich. Nov. 22, 1996). And on March 4, 1997, United States District Judge Nancy G. Edmunds adopted Magistrate Judge Komives' report and recommendation and dismissed Petitioner's fifth petition on the ground that it was successive to the second petition and barred by Habeas Rule 9(b). *See Hill v. Straub*, No. 95-72723 (E.D. Mich. Mar. 4, 1997). On July 31, 1997, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability in the 1996 habeas case, s*ee Hill v. McGinnis, et al.*, No. 96-2542 (6th Cir. July 31, 1997), and on August 8, 1997, the Court of Appeals denied a certificate of appealability in Judge Edmunds' case.

*See Hill v. Straub*, No. 97-1310 (6th Cir. Aug. 8, 1997).

### C. Subsequent State Court Proceedings

After the fifth and sixth habeas petitions were dismissed, Petitioner pursued additional state court remedies. On November 24, 1998, he filed a motion for an evidentiary hearing and an application for leave to appeal in the state trial court. He argued that (1) his plea was not voluntary and intelligent, (2) he was denied his right to appeal due to his appellate attorney's ineffectiveness, (3) the trial court violated the Eighth Amendment by sentencing him to life imprisonment, (4) the trial court violated the prohibition against *ex post facto* laws, and (5) he was entitled to resentencing. *See* Resp't's Mot. for Summary Judgment and Dismissal of Pet., Dkt. #7, App. C.

The trial court treated Petitioner's motion and "appeal" as a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. The trial court then denied the motion under Michigan Court Rule 6.508(D) because Petitioner raised his re-sentencing claim on appeal or in a prior motion and his other four claims could have been raised on appeal or in a prior motion. *See People v. Hill*, No. 77-8908 (3d Jud. Cir. Ct. Jan. 8, 1999); Resp't's Mot. for Summary Judgment and Dismissal of Pet., Dkt. #7, App. D.

Petitioner appealed the trial court's decision, but on August 21, 2000, the Michigan Court of Appeals denied leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D)." *See People v. Hill*, No. 222966 (Mich. Ct. App. Aug. 21, 2000). On March 27, 2001, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Hill*, 463 Mich. 987; 624 N.W.2d 193 (2001).

On January 21, 2003, Petitioner filed a motion to vacate his sentence and plea. He argued that (1) there was an inadequate factual basis for his plea and (2) he was entitled to re-sentencing due to the illusory plea agreement and the trial court's misinterpretation of the law. The trial court determined that the motion was a second or successive motion for relief from judgment, which Petitioner was precluded from filing by Michigan Court Rule 6.502(G). *See People v. Hill*, No. 77-8908 (3d Jud. Cir. Ct. July 10, 2003); Resp't's Mot. for Summary Judgment and Dismissal of Pet., Dkt. #7, App. E.

On April 6, 2010, Petitioner moved to withdraw his guilty plea, and on April 29, 2010, the trial court denied his motion. On or about November 30, 2011, Petitioner filed a motion to vacate judgment on the ground that the state trial court misapprehended the law at sentencing. The trial court denied Petitioner's motion without explanation, *see People v. Hill*, No. 77-8908 (3d Jud. Cir. Ct. Dec. 21, 2011), and on February 14, 2012, the trial court denied reconsideration on the basis that Petitioner's motion was "clearly successive and thus barred by [Michigan Court Rule] 6.502(G)." *See People v. Hill*, No. 77-8908 (3d Jud. Cir. Ct. Feb. 14, 2012); Resp't's Mot. for Summary Judgment and Dismissal of Pet., Dkt. #7, App. F.

In an application for leave to appeal, Petitioner claimed that the trial court abused its discretion by not ruling on the merits of his motion to vacate the judgment and sentence. The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal on the ground that Petitioner was not permitted to appeal the denial of a successive motion for relief from judgment. *See People v. Hill*, No. 309959 (Mich. Ct. App. Oct. 24, 2012).

On April 29, 2013, the Michigan Supreme Court denied leave to appeal because

Petitioner's motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G). *See People v. Hill*, 493 Mich. 968; 829 N.W.2d 207 (2013). On July 30, 2013, the Michigan Supreme Court denied reconsideration after concluding that its previous order was not entered erroneously. *People v. Hill*, 494 Mich. 886; 833 N.W.2d 919 (2013).

### D. The Pending Habeas Corpus Petition and Responsive Pleading

On August 28, 2013, Petitioner signed and dated his pending habeas corpus petition, and on September 5, 2013, the Clerk of the Court filed the petition. Finally, on January 29, 2014, Petitioner filed a motion to hold a state court administrator in contempt for failing to comply with a subpoena for records in Petitioner's state criminal case.

The grounds for habeas relief are: (1) the state trial court violated Petitioner's right to equal protection of the laws by imposing a life sentence in violation of the indeterminate sentencing provisions of the Michigan Constitution; and (2) Petitioner's sentence is invalid because the sentencing judge operated under a misconception regarding the length of the time that Petitioner would actually serve. As noted above, Respondent argues in her motion for summary judgment and dismissal of the petition that Petitioner's claims are barred from review by the one-year statute of limitations for habeas petitions.

## II. Discussion

### A. Abuse of the Writ

The Court begins its discussion by addressing the fact that Petitioner has filed six

prior federal petitions for the writ of habeas corpus. Ordinarily, before a state prisoner may file a second or successive habeas petition, he or she must apply to the appropriate federal court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). All of Petitioner's previous habeas petitions were filed before § 2244(b)(3)(A) was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

> [W]hen, as here, the original petition was filed pre-AEDPA, [courts] must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA "abuse of the writ" standard as set out in *McCleskey v. Zant*, 499 U.S. 467, 493-95, 111 S. Ct. 1454, 113 L.Ed.2d 517 (1991). That standard did not require prior authorization from the court of appeals and "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.' " *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McCleskey*, 499 U.S. at 494, 111 S . Ct. 1454 (alteration in *Hanserd*) . . . .

*Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

Respondent has not argued that Petitioner is abusing the writ and the Court has determined that the current habeas petition is barred by the one-year statute of limitations. The Court therefore need not decide whether Petitioner has abused the writ by filing a seventh habeas corpus petition.

### B. The Statute of Limitations

AEDPA governs this case because Petitioner filed his current petition after AEDPA was enacted on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-27, 117 S. Ct. 2059, 2063, 138 L.Ed. 2d 481 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 1575, 182 L.Ed.2d 194 (2012). AEDPA established a one-year period of limitation for state prisoners to file their applications for

a writ of habeas corpus. *Wall v. Kholi*, __ U.S. __, __, 131 S. Ct. 1278, 1283, 179 L.Ed.2d 252 (2011) (citing 28 U.S.C. § 2244(d)(1)).  The period of limitation ordinarily runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) - (D).  "But the 1–year limitation period is tolled during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'  § 2244(d)(2)."  *Kholi,* 131 S. Ct. at 1283.

Petitioner's convictions became final in 1982, long before AEDPA became law. Therefore, he was entitled to a one-year grace period (from April 24, 1996, when AEDPA was enacted, through April 23, 1997) to file his habeas petition.  *Stokes v. Williams*, 475 F.3d 732, 733-34 (6th Cir. 2007).

Petitioner's previous habeas petitions were pending in either the District Court or in the Federal Court of Appeals for the Sixth Circuit until August 8, 1997.  Although the statute of limitations ordinarily is not tolled while a federal habeas petition is pending in

federal court, *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129, 150 L.Ed.2d 251 (2001), the Court will assume for purposes of this case that the statute was tolled until August 8, 1997, when the Sixth Circuit completed its review of Petitioner's two prior habeas petitions. Under this generous view of the law and facts, the limitation period began to run on August 9, 1997.

The limitation period continued to run until November 24, 1998, when Petitioner filed his first post-AEDPA motion in the state trial court. The period of time from August 9, 1997, to November 24, 1998, is approximately fifteen months, or more than a year. Thus, the current petition, which was filed in 2013, was filed long after the limitation period expired. Neither the post-conviction motion filed on November 24, 1998, nor Petitioner's subsequent motions, revived the limitations period or re-started the clock at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). In other words, the statutory tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid*, 991 F. Supp. at 259.

### C. Petitioner's Arguments

#### 1. Filing under § 2241

Petitioner does not dispute Respondent's calculations regarding the timing of events or when the limitation period expired. He appears to argue that AEDPA is not applicable to his case because he filed his petition under 28 U.S.C. § 2241.

Section 2241 is the general habeas statute, and 28 U.S.C. § 2254 is the statute

10

specifically for prisoners who are in custody pursuant to a state court judgment. The fact that Petitioner brought his petition under § 2241 is irrelevant because § 2244 applies to all habeas petitioners seeking relief from a state court judgment. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (interpreting § 2244(b), the provision governing second or successive petitions). Thus, "a state prisoner in custody pursuant to the judgment of a state court is subject to § 2254 and its various restrictions" and "cannot evade the procedural requirements of § 2254 by filing something purporting to a § 2241 petition." *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *see also Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (stating that "both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of his continued state custody," and allowing him to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent." The Court therefore rejects Petitioner's argument that he was not required to abide by the statute of limitations simply because he filed his habeas petition under § 2241.

### 2. The Trial Court's Alleged Misapprehension of the Law

Next, Petitioner appears to be argue in favor of a delayed start to the limitations period. He claims to have newly evidence that the trial court misapprehended the law when it imposed a sentence of life imprisonment.

Petitioner made a similar argument about the trial court's understanding of the law in his 2003 state-court motion to vacate the sentence and plea. Thus, the state court's alleged misapprehension of the law is not new evidence for purposes of 28 U.S.C. § 2244(d)(1)(D), which allows for a delayed start to the statute of limitations for newly discovered facts. And even if the sentencing judge's alleged misapprehension of

11

the law were new evidence in 2003, the statute of limitations ran more than a year after the state trial court denied Petitioner's motion to vacate his sentence and plea in 2003. Consequently, Petitioner's argument lacks merit.

### 3. Actual Innocence

Petitioner urges the Court to excuse the late filing of his habeas petition on the basis that he is actually innocent of the crimes for which he was convicted. He relies on an eyewitness's testimony at a state evidentiary hearing that Petitioner did nothing during the criminal incident.

Actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of the petitioner's constitutional claims is the expiration of the statute of limitations. *McQuiggin v. Perkins*, __ U.S. __, __, 133 S. Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [some] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

Petitioner pleaded guilty to the crimes for which he is incarcerated, and he admitted at the plea proceeding that he shot the victim with a gun. (Plea Tr., 14, Mar. 13, 1978.) Although Petitioner claims that his plea was involuntary, he did not say that he was being coerced or pressured to plead guilty. Instead, he stated that he was pleading guilty because he was guilty. (*Id.* at 10.) And when asked about his motive for shooting the female victim, Petitioner said that he shot her because his co-defendant

12

told him to shoot her and because they had no other choice. (*Id.* at 19.) Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

Petitioner's co-defendant, moreover, implicated Petitioner in the crime by admitting that Petitioner "fired the other shot." (Plea Tr., 16, Mar. 13, 1978.) And the other eyewitness to the crime apparently identified Petitioner in a photographic and a live line-up. *See* Magistrate Judge Komives' report and recommendation (Dkt. #40, p. 15) in *Hill v. Straub*, No. 95-72723 (E.D. Mich. Jan. 31, 1997). Because the evidence does not corroborate Petitioner's claim of actual innocence, AEDPA's time limitation applies here.

### III. Conclusion and Order

For all the reasons given above, the habeas petition is clearly time-barred. Accordingly, Respondent's motion for summary judgment and dismissal of the habeas petition (Dkt. #7) is granted.

It is further ordered that Petitioner's motion to hold a state court administrator named Ronald R. Ruffin in contempt (Dkt. #11) is denied. Petitioner alleges that Mr. Ruffin has not complied with a subpoena to provide Petitioner with documents from his criminal case in Recorder's Court. This Court, however, is not aware of any federal subpoenas that were served on Mr. Ruffin in connection with this case. Consequently, the Court has no authority to hold Mr. Ruffin in contempt.

It is further ordered that a certificate of appealability is denied. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a "district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).

Reasonable jurists would not find the Court's procedural ruling debatable because the statute of limitations expired long before Petitioner filed his habeas petition, and he has not shown a basis for equitably tolling the limitation period.  The Court therefore declines to issue a certificate of appealability.  Petitioner nevertheless may proceed *in forma pauperis* on appeal if he chooses to appeal this decision because he was permitted to proceed *in forma pauperis* in this Court.  Fed. R. App. P. 24(a)(3).

        s/John Corbett O'Meara  
        United States District Judge

Date:  September 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 17, 2014, using the ECF system and/or ordinary mail.

        s/William Barkholz  
        Case Manager